[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15178
Non-Argument Calendar

_____

D. C. Docket No. 05-00059-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN LOUIS,
a.k.a. Black,
a.k.a. Junior,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 23, 2007)**

Before BLACK,  CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Jean Louis appeals his convictions for one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846 and two counts of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). We consider his two contentions in turn.

## I.

Louis first contends that the district court erred by denying his motion to compel the government to disclose the identity of a confidential informant who helped make arrangements for Louis to sell drugs to an undercover law enforcement agent. If the confidential informant had been able to testify, Louis asserts, he would have substantiated Louis' entrapment defense. We review the denial of the motion for abuse of discretion. United States v. Gutierrez, 931 F.2d 1482, 1490 (11th Cir. 1991).

In determining whether the government must disclose a confidential informant's identity, a district court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." United States v. Gonzales, 606 F.2d 70, 74 (5th Cir. 1979) (quoting Roviaro v. United States, 353 U.S. 53, 77 S. Ct. 623 (1957)).[1] We have identified three

_____

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to

factors that guide that inquiry: (1) "the extent of the informant's participation in the criminal activity"; (2) "the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant"; and (3) "the government's interest in non-disclosure." Gutierrez, 931 F.2d at 1490 (quoting United States v. Tenorio-Angel, 756 F.2d 1505, 1511 (11th Cir. 1985)).

After Louis alleged that the government induced him to sell the drugs, the district court conducted an in camera, ex parte interview of the informant to see if he would corroborate Louis' story. That interview led the district court to conclude that two of the three factors favored non-disclosure of the informant's identity. Although the district court found that the informant's participation in Louis' drug sales was "not insubstantial," it concluded that his testimony "would not support [Louis'] claim of entrapment in any of the specifics alleged in the motion, or in any other fashion" and furthermore that the government "ha[d] a legitimate interest in the nondisclosure of the informant's testimony."

Louis bears the "heavy burden" of showing on appeal that the district court abused its discretion. See, e.g., United States v. Costa, 947 F.2d 919, 923 (11th Cir. 1991). No transcript was made of the district court's interview of the informant, and without any transcript, "we are limited in reviewing this issue to the

---

the close of business on September 30, 1981.

representations made in the briefs and the district court's statements . . . ." Gutierrez, 931 F.2d at 1491.  There is nothing in the record that undermines the district court's conclusions after the in camera interview with respect to the three disclosure factors.  Accordingly, we have no basis to disturb Louis' conviction on the ground that the district court abused its discretion by deciding not to compel the disclosure of the informant's identity.

## II.

Second, Louis contends that the district court violated his rights under the Sixth Amendment's Confrontation Clause by admitting into evidence a tape recording (and its corresponding transcript) that included certain statements by the confidential informant, whom Louis was unable to cross-examine.  In particular, Louis' contention centers on a conversation in which the two men briefly discussed Louis' payment to the informant of a fifty-dollar commission that Louis earned in the sale and had agreed to pay over to the informant.

This contention fails because the informant's statements on this topic were offered merely to give context to Louis' own statements during the conversation (the admission of which is not contested here) and not for their truth.  Accordingly, the informant's statements do not fall within the ambit of the Confrontation Clause. See Crawford v. Washington, 541 U.S. 36, 59 n.9, 124 S. Ct. 1354, 1369 n.9

4

(2004) (noting that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted").

**AFFIRMED.**